UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES RUSSELL TERRY, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. C13-1166-JPD <br><br> ORDER GRANTING EAJA FEES |

## I.   INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court on the plaintiff's March 19, 2014 Motion for Equal Access to Justice Act ("EAJA") Fees, including attorney's fees and costs under 28 U.S.C. § 2412 and 28 U.S.C. § 1920.  Dkt. 18.  The Commissioner opposes the motion.  Dkt. 19.  The undersigned, having reviewed the governing law and the parties' submissions, GRANTS plaintiff's Motion for EAJA Fees.  Dkt. 18.

## II.   FACTS AND PROCEDURAL HISTORY

Plaintiff filed a claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, alleging disability beginning on April 25, 2009.  AR at 35-36.  The

ORDER
PAGE - 1

Commissioner denied plaintiff's claim initially and on reconsideration. AR at 86-101, 102, 103-22, 127-31. Plaintiff requested a hearing, which took place on January 9, 2012. AR at 31-81. On February 2, 2012, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on her finding that plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 8-26. Plaintiff's request for review was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). Plaintiff timely appealed that final decision on July 10, 2013. Dkt. 3.

On January 6, 2014, the undersigned issued an Order reversing and remanding the case for further administrative proceedings. Dkt. 16. On March 19, 2014, the plaintiff submitted the instant Motion for EAJA Fees and an affidavit by plaintiff's counsel, Lynn Greiner. Dkt. 18 (Greiner Aff.). On March 31, 2014, the Commissioner opposed plaintiff's motion. Dkt. 19. Plaintiff replied on April 2, 2014. Dkt. 20.

III.     DISCUSSION

A. Standards of Review

   *1. Legal Standard under the EAJA*

The Equal Access to Justice Act ("EAJA") provides, in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a) incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, to be eligible for attorney's fees under EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; (3) no "special circumstances" exist that make an award of attorney's fees unjust; and (4) the fee request must be "reasonable." 28 U.S.C. § 2412(d)(1)(A). *See, e.g.*, *Commissioner, INS v. Jean,* 496 U.S. 154, 158 (1990); *Perez-Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).

Here, the Commissioner does not contest that plaintiff was the prevailing party in this action, nor claim that the total amount of fees requested is unreasonable, or that special circumstances exist such that an award of attorney's fees would be unjust. *See* Dkt. 19. Rather, the Commissioner argues that her position in defending the ALJ's decision was substantially justified.

*2. Substantial Justification*

Under EAJA, with certain exceptions not applicable here, the Court awards fees and expenses to a prevailing party in a suit against the government unless it concludes that the position of the government was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The Commissioner's position is deemed substantially justified if it meets the traditional standard of reasonableness, meaning it is "justified in substance or in the main, or to a degree that could satisfy a reasonable person." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (quoted sources and internal quotation marks omitted). While the government's position need not be correct, it must have a "reasonable basis in law and fact." *Id.* (citing *Pierce v. Underwood,* 487 U.S. 552, 566 n. 2 (1988)).

"'The government bears the burden of demonstrating substantial justification.'" *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Gonzales v. Free Speech*

ORDER
PAGE - 3

*Coalition,* 408 F.3d 613, 618 (9th Cir. 2005)).  Specifically, defendant's position must be "*as a whole*, substantially justified." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258–59 (9th Cir. 2001) (emphasis in original).  That position also must be substantially justified at each stage of the proceedings.  *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998); *see also Hardisty v. Astrue,* 592 F.3d 1072, 1078 (9th Cir. 2010).  Accordingly, the government must establish that it was substantially justified both in terms of (1) "the underlying conduct of the ALJ" and that (2) "its litigation position defending the ALJ's error." *Gutierrez,* 274 F.3d at 1259. *See also Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013) ("[W]e first consider the underlying agency action, which . . . is the decision of the ALJ.  We then consider the government's litigation position.").

        A district court's "holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified." *Id.* (quoting *Thangaraja v. Gonzales,* 428 F.3d 870, 874 (9th Cir. 2005) ("[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'") (citation omitted)).  Indeed, the Ninth Circuit has commented that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying decision would not." *Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996) (quoting *Flores*, 49 F.3d at 570 n. 11).

ORDER
PAGE - 4

B. Underlying Agency Conduct: The ALJ Erred in Evaluating the Medical Evidence, Plaintiff's Credibility, and the Lay Witness Testimony

As a threshold matter, the Commissioner contends that the Court should not have directed the ALJ to complete a full DAA analysis on remand and order at least one additional consultative psychological examination to help evaluate plaintiff's functioning following his release from inpatient treatment. Dkt. 19 at 4. Specifically, the Commissioner argues that the ALJ should not be required to conduct a DAA analysis because "[h]ere, neither the ALJ nor the Court found the claimant disabled; thus, a 'full DAA analysis' does not comport with SSR 13-2p." *Id*. at 3. In addition, because "the ALJ did not find the evidence ambivalent or inadequate," the ALJ did not have a duty to further develop the record. *Id*. at 3-4.

The Commissioner's arguments, however, ignore the fact that the Court did not find that the ALJ's failure to take these actions in the first instance constituted harmful error. Nor did the Court issue these directives in a vacuum. Rather, the Court's directives regarding procedures to be undertaken upon remand of this case were expressly based upon the Court's finding that the ALJ erred in evaluating the medical opinion evidence, including the opinions of each of plaintiff's evaluating physicians.

Specifically, the Court's primary reason for remanding the case was the fact that the ALJ's overarching conclusion that plaintiff's medical records "clearly document significant improvement with both treatment and subsequent sobriety" was not supported by substantial evidence. Dkt. 16 at 14-15.[1]  Although plaintiff entered an inpatient treatment program for substance abuse from August through November 2011, the records from this program "do not

---

[1] The Court found that "[b]ecause the ALJ utilizes this reason to reject the opinion of every one of plaintiff's evaluating physicians, this error was harmful[.]" *Id*. at 14-15.

ORDER
PAGE - 5

provide a picture of plaintiff's functioning sufficient to undermine the prior opinions of all of plaintiff's examining physicians.  Indeed, the ALJ appears to have largely assumed that plaintiff's symptoms abated due to his sobriety in the program." *Id*. at 16.  As plaintiff's counselors at the program indicated that plaintiff's mental health disorders "significantly interfere with addiction treatment" and "did not indicate that plaintiff's psychiatric impairments and mental health symptoms were caused by alcohol or drugs," the Court was not assured that plaintiff's drug and alcohol treatment necessarily eliminated all the functional limitations identified by plaintiff's evaluating and treating providers.  *Id.* at 16-17.

Thus, the Court directed the ALJ to conduct a DAA analysis on remand "to clarify the ALJ's findings with respect to the impact of plaintiff's substance abuse on his functional limitations," and also "order at least one additional consultative psychological examination to help evaluate plaintiff's functioning following his release from inpatient treatment." *Id*. at 17.  As discussed further below, the fact that the Commissioner disagrees with the Court's conclusion that a DAA analysis and consultative psychological examination would be helpful to clarify the extent of plaintiff's limitations is insufficient to establish "substantial justification" for the ALJ's erroneous evaluation of the medical evidence of record.

The Commissioner also argues that the ALJ did not err in evaluating each of the doctors' opinions, as well as plaintiff's credibility and the lay witness testimony. Dkt. 19 at 4-11.  In its Order, however, the Court found that the ALJ's reasons for rejecting each of the examining doctors' opinions was not supported by specific and legitimate reasons.  In addition, the Court directed the ALJ, on remand, to reevaluate plaintiff's credibility "because this case is being remanded for reconsideration of the medical evidence, and . . . credibility determinations are inescapably linked to conclusions regarding medical evidence[.]" *Id.* at

23. The Court further noted that "the ALJ rejected [the lay witness testimony] for the same reasons she dismissed [the opinions] of plaintiff's evaluating doctors," and "in light of the ALJ's stated reasons for discounting the lay witness testimony, it appears the ALJ's assessment was affected by her prior legal errors." *Id*. at 24.

Thus, the Commissioner mainly reiterates arguments from its opposition brief to defend the ALJ's decision, and those "new" arguments offered in support of the ALJ's decision are not meritorious. The Court concluded that ALJ's decision was not supported by substantial evidence, and the Commissioner has not met its burden of establishing that the ALJ's position below was substantially justified.

      C.  <u>Litigation Position: The Commissioner Was Not Substantially Justified in Defending the ALJ's Errors</u>

The crux of the Commissioner's opposition to plaintiff's EAJA fees motion is that "although this Court agreed with Plaintiff, regarding the dispute over the medical opinions, Plaintiff's credibility, and lay evidence, these are issues over which reasonable minds could differ. The Commissioner's position defending the ALJ's decision at this Court was reasonably based in law and fact." Dkt. 19 at 11 (citing *Gonzales v. Free Speech Coal*., 408 F.3d 613, 618 (9th Cir. 2005)). Significantly, however, the Commissioner fails to cite or acknowledge the Ninth Circuit Court of Appeals' recent decision in *Meier v. Colvin*, which is controlling precedent.

In *Meier*, the Ninth Circuit held that where the court has concluded "that the ALJ's decision was not supported by substantial evidence . . . the government's underlying action

was not substantially justified." *Meier*, 727 F.3d at 872.[2]  The *Meier* court further held that "[b]ecause the government's underlying position was not substantially justified, *we need not address whether the government's litigation position was justified.*" *Id.* (emphasis added) (citing *Shafer*, 518 F.3d at 1071) ("The government's position must be substantially justified at each stage of the proceedings."). Moreover, *Meier* asserted that "[e]ven if we were to reach the issue, we would conclude that the government's litigation position – defending the ALJ's errors on appeal – lacked the requisite justification." *Id.* at 873 (citing *Sampson*, 103 F.3d at 922) ("It is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not.").

Thus, *Meier* stands for the general proposition that where the government's underlying position was not substantially justified, the Court typically need not address the issue of whether the government's litigation position was substantially justified.[3]  *See e.g., Nelson v. Comm'r of Soc. Sec. Admin.,* 2014 WL 198779, *3 (D. Or. January 15, 2014) ("Because the government's underlying position was not substantially justified, [this Court] need not address whether the government's litigation position was justified.") (citing *Meier*,

---

[2] Specifically, in *Meier*, the court found that the ALJ erred by failing to provide specific and legitimate reasons for rejecting a doctor's opinion that plaintiff was incapable of working, and by failing to provide clear and convincing reasons for discounting plaintiff's credibility. *Meier*, 727 F.3d at 872. Based upon this finding, the court concluded that "the government's underlying action was not substantially justified in this case." *Id.*

[3] However, even if the holding of *Meier* should be construed more narrowly, the Court finds that the Commissioner's lengthy defense of the ALJ's decision largely reiterates arguments that this Court rejected in its prior order reversing and remanding the case for further administrative proceedings.

ORDER
PAGE - 8

727 F.3d at 872); *Clark v. Colvin*, 2013 WL 4774642, *3 (D. Ariz. September 5, 2013) (same); *Mattson v. Astrue*, 2013 WL 6096327, *3 (D. Or. November 20, 2013) (same).

Accordingly, this is not one of the "decidedly unusual cases" in which there is substantial justification under the EAJA even though the agency's decision lacked reasonable, substantial and probative evidence in the record. *See Thangaraja*, 428 F.3d at 874. As discussed above, the Commissioner's defense of the ALJ's decision mainly restates arguments that the Court previously rejected in its order remanding this matter for further proceedings. In light of the ALJ's erroneous evaluation of the medical evidence, plaintiff's credibility, and lay witness evidence, the Court is not persuaded that the Commissioner was substantially justified in defending the ALJ's determination in this case.

## IV.   CONCLUSION

For the foregoing reasons, the plaintiff's Motion for EAJA fees, Dkt. 18, is GRANTED. Specifically, attorney's fees in the amount of $8,096.27, which includes 3.8 hours of attorney time relating to preparation of plaintiff's reply brief, is awarded to plaintiff pursuant to *Astrue v. Ratliff*, -- U.S. --, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010). If it is determined that plaintiff's EAJA fees are not subject to any offset allowed under the U.S. Department of Treasury's offset program, then the check for the EAJA fees shall be made payable to the order of Lynn Greiner, Chihak & Associates.

DATED this 11th day of April, 2014.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge